Russell A. Robinson, 163937
Law Office of Russell A. Robinson, APC
345 Grove Street, First Floor
San Francisco CA 94102
TEL:  415.255.0462
FAX:  415.431.4526

Counsel for Plaintiff
REMI TAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMI TAN, | ) No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) **[Jury Trial Demanded]** |
| v. | ) |
| | ) |
| CITY AND COUNTY OF SAN FRANCISCO, | ) |
| OFFICER BOBBY C. CHEUNG (#208), | ) |
| OFFICER WU (#18), and DOES 1-40, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**INTRODUCTION**

1. This action is for damages and injunctive relief arising from unconstitutional deprivations suffered by Plaintiff Remi Tan with related state claims; the injuries were legally caused by Defendants, described below. The unlawful actions occurred in and around the City and County of San Francisco.

**JURISDICTION AND VENUE**

2. This action arises from acts by Defendants who violated the several laws and statutes of the United States of America, including the Constitution of the United States and its

various Amendments, and 42 USC §1983. This Court is vested with jurisdiction by 28 USC §1331 & §1343.

3. With regard to Plaintiff's pendant state claims, Plaintiff complied with all claim filing requirements of the California Government Code.  The pendant claims were rejected by municipal Defendants by operation of law. These supplemental state claims are so related to the federal causes of action arising under the United States Constitution and violations of Plaintiff's Federal civil rights that they form part of the same case or controversy under Article III of the United States Constitution.  Supplemental jurisdiction over Plaintiff's state claims is proper under 28 USC §1367(a).

4. Venue in the United States District Court, Northern District of California is proper; the acts complained of occurred in San Francisco, in the State of California, which is in the Northern District.

**PARTIES**

5. Plaintiff Remi Tan was at all relevant times a resident of the State of California.

6. Plaintiff is informed Defendant CITY AND COUNTY OF SAN FRANCISCO (C&CSF), is and was, a municipal corporation duly organized and existing under the laws of the State of California.  A division or agency of the C&CSF is the San Francisco Police Department (SFPD); on information and belief, the SFPD lacks the ability to sue and be sued, but is a municipal agency or department of the C&CSF.

7. A. Plaintiff is informed and believes Defendants BOBBY C. CHEUNG (#208) and WU (#18), sued in their official and individual capacities, are and were, on information and belief, employed at all relevant times as officers with the SFPD.  They are responsible for understanding the proper role of peace officers in the State of California and United States, and know or should know constitutional constraints on, *inter alia,* use of force and arrests/detentions. Defendant Officers were and are police officers employed by C&CSF,

1 responsible for ensuring the safety, health, and well-being of individuals in the San Francisco;

2 they are responsible for protecting people and understanding the constitutional rights of the

3 citizens of this State.

4     7.    B.    Defendants DOES 1 though 40 are fictitiously named persons/entities,

5 whose true identities and roles in the events which are the subject matter of this complaint, are

6 presently unknown to Plaintiff.  Plaintiff will amend this complaint to identify fictitiously named

7 Defendants and to set forth facts relating to each when same become known to Plaintiff.

8 Plaintiff is  informed and believes and thereon alleges that each DOE Defendant is legally

9 responsible for events alleged herein which caused injury and damage to Plaintiff.  Unless

10 otherwise alleged, Plaintiff is informed and believes that at all relevant times mentioned herein

11 Defendants were the agents and/or employees of their co-defendants, and in doing the things

12 alleged in this complaint were acting within the course and scope of that agency and/or

13 employment.

14 **STATEMENT OF FACTS**

15     8.    On March 24, 2007, in the City & County of San Francisco, Defendants C&CSF,

16 Cheung, Wu, does 1-40, and each of them, unlawfully detained/arrested Tan; in connection with

17 their unlawful detention/arrest of Tan, said defendants used excessive force and injured Tan.

18 Tan's injuries include but are not limited to dislocated jaw, bruises, cuts, wrist damage, rib/chest

19 pain, and emotional distress.

20     9.    After the unlawful beating, use of excessive force, search, and other unlawful

21 acts, Plaintiff was treated and then held.  Upon his release, Plaintiff timely submitted a claim for

22 damages under State law, pursuant to California Government Code sections 900, *et seq.*

23     10.    As a result of the above-described unlawful acts by all Defendants, Plaintiff

24 suffered severe injuries and damages.

25     11.    Plaintiff is informed and believes that acts and omissions by Defendants C&CSF,

26

1 Cheung, Wu, Does 1-40, and each of them, actually and legally caused Plaintiff's injuries as
2 alleged in this Complaint.  Said conduct by Defendants, and the official *de facto* policies,
3 customs, and practices promulgated by Defendants C&CSF, and each of them, evinced a general
4 disregard for persons such as Plaintiff, were the moving force of Plaintiff's injuries, and caused
5 myriad constitutional injuries or deprivations.  Facts and circumstances within any of the
6 defendants' knowledge were insufficient to warrant the actions taken.

7     12.    The unlawful acts by the municipal defendants originated from an authorized
8 decision-maker, or resulting injuries to Plaintiff resulted from inadequate hiring, supervision,
9 and/or training.  Plaintiff is informed municipal Defendants acted with "deliberate indifference"
10 to the constitutional rights of persons such as Plaintiff.  Defendants' acts were intended to, and
11 did, injure Plaintiff and deprive Plaintiff of his constitutional rights; all of said municipal
12 defendants' acts were in the course and scope of their employment.

13     13.    Plaintiff is further informed and believes and thereon allege that Defendants
14 C&CSF, Does 1-40, and each of them, knew of the unreliability and unfitness of the individual
15 officers before the acts alleged above; that said Defendants under-staff and mis-staff the Police
16 Department in San Francisco pursuant to official policies, customs, and practices; and, were at
17 all relevant times unable to properly supervise the individual officers.

18     14.    The policies referred to above foreseeably resulted in Plaintiff's injuries.

19     15.    Unless otherwise alleged, Plaintiff is informed and believes and thereon alleges
20 that at all times mentioned Defendants were agents and/or employees of their co-defendants, and
21 in doing the things alleged in this complaint were acting within the course and scope of that
22 agency and/or employment.

23     16.    Plaintiff is informed that at all times mentioned, each of the defendants conspired
24 and agreed to act in concert for the purpose of injuring Plaintiff and/or in the interest of self-gain
25 at Plaintiffs's expense.  Plaintiff is informed that Defendants agreed before and after the beating

1  of Plaintiff to use all means necessary to deprive Plaintiff of his constitutional rights.

## DAMAGES

3  17.   As an actual and legal result of the acts and omissions of Defendants, Plaintiff suffered and continues to suffer serious injuries, great anxiety, fear, and mental distress in an amount not yet been ascertained.

6  18.   As a further actual and legal result of the acts and omissions of Defendants, Plaintiff sustained consequential and compensatory damages, including legal costs and attorneys' fees, loss of valuable property, loss of work, medical and related expenses and lost earning capacity in an amount not yet ascertained.

10  19.   Defendants did the acts and omissions alleged herein with deliberate indifference to the Plaintiff's constitutional rights, and his rights to equal protection and due process of the laws. The aforementioned acts and omissions were willful, wanton, and/or oppressive; therefore, an award of punitive and exemplary damages against the individual Defendants, in an amount to be ascertained, should be made.

15  20.   Defendants' conduct forced Plaintiff to incur legal expenses, costs, and fees, and to retain private counsel to vindicate Plaintiff's rights under the United States Constitution and the laws of the United States. Plaintiff is therefore entitled to reasonable costs and attorneys' fees in this action pursuant to 42 USC §1988.

## FEDERAL CAUSE OF ACTION

## FIRST CAUSE OF ACTION

**(42 U.S.C. §1983)**

22  21.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

23  22.   In doing the acts and omissions complained of, Defendants C&CSF, Cheung, Wu, Does 1-40, and each of them, acted, and failed to act, under color of state law to deprive Plaintiff of his constitutional rights, including but not limited to the rights guaranteed by the First, Fourth,

1  Sixth, Seventh, Eighth, & Fourteenth Amendments to the United States Constitution, and the
2  right to be free from cruel and unusual punishment, to petition the government for redress, and
3  rights to equal protection and due process of law.

4      23.    Defendants C&CSF, Cheung, Wu, Does 1-40, and each of them, acted with
5  deliberate indifference and with reckless disregard for Plaintiff's constitutional rights. Plaintiff
6  is informed that Defendants acted jointly with their co-defendants. In doing the acts described
7  above, Defendants C&CSF, Cheung, Wu, Does 1-40, and each of them, acted under color of
8  state law and authority in conjunction with those acts by Defendants C&CSF, Cheung, Wu, Does
9  1-40, and each of them, who had, *inter alia*, the same general motivations as the other
10 defendants; i.e., self-gain, using police powers to deprive Plaintiff of his constitutional rights.

11     24.    As a result of said violations, Plaintiff suffered injuries and damages.

12 WHEREFORE, Plaintiff prays for relief and judgment as set forth below.

13 **STATE CAUSES OF ACTION**

14 **SECOND CAUSE OF ACTION**

15 **NEGLIGENCE**

16 **(As to all Defendants)**

17     25.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

18     26.    Defendants and each of them, had a duty to act in a reasonable and competent
19 fashion, yet these Defendants acted recklessly and/or intentionally and/or negligently and failed
20 to use that degree of care which reasonable and competent professionals would have used in like
21 or similar circumstances, thus resulting in the injuries and damages alleged herein. Defendants
22 C&CSF, Cheung, Wu, Does 1-40, and each of them, were negligent in hiring, supervising,
23 training, education, and otherwise breached their duties owed to Plaintiff.

24     27.    Plaintiff is informed that the conduct of the individual officers named above was
25 ratified, authorized, and/or condoned by Defendants C&CSF, Cheung, Wu, Does 1-40, and each

26

1 of them.

2   28.   Defendants, and each of them, had a duty to act in reasonable and competent fashions. In spite of their duties owed to Plaintiff, these Defendants acted recklessly and/or intentionally and/or negligently and failed to use that degree of care which reasonable people would have used in like or similar circumstances, thus resulting in the injuries and damages alleged herein.

   29.   As a direct, legal, and proximate result of the above-mentioned conduct, Plaintiff was damaged, in an amount to be proven at trial.

   30.   As a further direct, legal, and proximate result of the above-mentioned malicious, willful, and oppressive conduct, Plaintiff suffered physically and further suffered mental and emotional distress, including but not limited to frustration, worry, upset, distress, anxiety, feelings of depression, and nervousness all to his damage, in an amount to be proven at trial.

   31.   The conduct of the individual Defendants described above was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages in an amount appropriate to punish and make an example of Defendants.

   WHEREFORE, Plaintiff prays for relief and judgment as set forth below.

### THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As to all Defendants)

   32.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

   33.   The acts by all named Defendants, and each of them, as described above, were so outrageous that these exceeded the bounds usually tolerated in a civilized society.

   34.   Said Defendants, and each of them, intended, or recklessly disregarded the likelihood, their acts would cause Plaintiff to suffer emotional distress, including, but not limited to feelings of depression and concern and worry about his own personal safety and well-being.

35.    As a direct result of the acts of Defendants, Plaintiff suffered and continues to suffer severe and/or extreme emotional distress, including but not limited to sleeplessness, humiliation, shame, worry, embarrassment, feelings of depression, and grief all to his damage, according to proof at trial of this action.

36.    The conduct of the individual Defendants, and each of them, described above was oppressive, fraudulent, and malicious, entitling Plaintiff to an award of punitive damages in an amount appropriate to punish and make an example of said individual Defendants.

WHEREFORE, Plaintiff prays for relief and judgment as set forth below.

**FOURTH CAUSE OF ACTION**

**FALSE ARREST AND IMPRISONMENT**

**(As to All Defendants)**

37.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

38.    Defendants C&CSF, Cheung, Wu, Does 1-40, and each of them, intentionally and unlawfully exercised force or the express or implied threat of force to restrain, detain, arrest, or confine Plaintiff on about March 24, 2007.  Plaintiff was compelled to stay in custody against his will, and forced to suffer myriad humiliations and deprivations

39.    During the time of the unlawful searches, beatings, and detentions/arrests, mentioned above, Plaintiff did not consent to such restraint, detention, or confinement.

40     As a direct result of the acts by Defendants C&CSF, Cheung, Wu, Does 1-40, and each of them, Plaintiff suffered and continues to suffer serious damage, injury, and harm, including but not limited to emotional distress, humiliation, shame, worry, embarrassment, depression, and grief.

WHEREFORE, Plaintiff prays for relief and judgment as set forth below.

/ / /

## FIFTH CAUSE OF ACTION

## ASSAULT AND BATTERY

### (As to All Defendants)

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

42. Defendants C&CSF, Cheung, Wu, Does 1-40, and each of them, possessed the ability to commit a violent injury on Plaintiff's person.

43. As alleged above, said Defendants, and each of them, unlawfully attempted to commit a violent injury and did commit violent injuries on Plaintiff's person, thereby assaulting and battering Plaintiff.

44. As alleged above, said Defendants, and each of them, willfully and unlawfully did use force and/or violence on Plaintiff's person, thereby battering Plaintiff.

45. As a direct, legal, and proximate result of the acts by said Defendants, and each of them, unlawfully Plaintiff suffered and will continue to suffer foreseeable, substantial losses and damages.

46. As a direct, legal, and proximate result of the above-mentioned conduct, Plaintiff was and is damaged in an amount to be proven at trial.

47. The conduct of said Defendants, and each of them, described above was oppressive, fraudulent, and malicious, entitling Plaintiff to an award of punitive damages in an amount appropriate to punish and make an example of Defendants and each of them.

WHEREFORE, Plaintiff pray for relief as follows:

## PRAYER

a. Compensatory damages according to proof;

b. General damages according to proof;

c. Punitive and exemplary damages as to the individuals only;

d. For costs of suit;

e. For pre-judgment interest;

f. For attorneys fees under 42 USC §1988; and,

g. Such other and further relief as the Court deems just and proper.

Date: March 21, 2008          Law Office of Russell A. Robinson, APC

_____
By:   Russell A. Robinson
Counsel for Plaintiff REMI TAN

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands, pursuant to FRCP 38, a jury trial of this matter and request the Clerk of this Court designate this matter as a jury trial, pursuant to FRCP 39(a).

Date: March 21, 2008          Law Office of Russell A. Robinson, APC

_____
By:   Russell A. Robinson
Counsel for Plaintiff REMI TAN