DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3896
Facsimile:     (415) 554-3837
E-Mail:        Meghan.Higgins@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
OFFICERS CHEUNG AND WU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMI TAN, <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, OFFICER BOBBY C. CHEUNG (#208), OFFICER WU (#18), and DOES 1-40, <br><br> Defendants. | Case No. C 08-1564 SI <br><br> **ANSWER TO COMPLAINT OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, OFFICER BOBBY CHEUNG, AND OFFICER EDDIE WU** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants City and County of San Francisco, Officer Bobby Cheung, and Officer Eddie Wu ("Defendants") hereby respond to Plaintiff's Complaint ("Complaint") as follows:

**INTRODUCTION**

1.  With respect to the allegations contained in paragraph 1, Defendants admit that the actions out of which this complaint arise occurred in the City and County of San Francisco. The remaining allegations of this paragraph set forth Plaintiff's legal conclusions and opinions and Plaintiff's interpretation of the law, to which no response is required. To the extent that a response is

Defendants' Answer to Complaint            1            n:\lit\li2008\081342\00491614.doc
Tan v. CCSF, C-08-1564

1  deemed required, Defendants respond as follows:  Defendants lack sufficient information to either
2  affirm or deny these allegations and for that reason they are denied.

**JURISDICTION AND VENUE**

4      2.    With respect to the allegations contained in paragraph 2, these allegations set forth
5  Plaintiff's legal conclusions and opinions and Plaintiff's interpretation of the law, to which no
6  response is required.  To the extent that a response is deemed required, Defendants lack sufficient
7  information to either affirm or deny these allegations and for that reason they are denied.

8      3.    With respect to the allegations contained in paragraph 3, these allegations set forth
9  Plaintiff's legal conclusions and opinions and Plaintiff's interpretation of the law, to which no
10 response is required.  To the extent that a response is deemed required, Defendants lack sufficient
11 information to either affirm or deny these allegations and for that reason they are denied.

12     4.    With respect to the allegations contained in paragraph 4, Defendants admit that the
13 acts complained of occurred in San Francisco.  The remaining allegations of this paragraph set forth
14 Plaintiff's legal conclusions and opinions and Plaintiff's interpretation of the law, to which no
15 response is required.  To the extent that a response is deemed required, Defendants lack sufficient
16 information to either affirm or deny these allegations and for that reason they are denied.

**PARTIES**

18     5.    With respect to the allegations contained in paragraph 5, Defendants lack sufficient
19 information to either affirm or deny these allegations and for that reason they are denied.

20     6.    With respect to the allegations contained in paragraph 6, Defendants admit that the
21 City and County of San Francisco is a municipal corporation duly organized and existing under the
22 laws of the State of California.  Defendants further admit that the San Francisco Police Department is
23 a division or agency of the City and County of San Francisco.  The remaining allegations of this
24 paragraph set forth Plaintiff's legal conclusions and opinions and Plaintiff's interpretation of the law,
25 to which no response is required.  To the extent that a response is deemed required, Defendants lack
26 sufficient information to either affirm or deny these allegations and for that reason they are denied.

27     7A.    With respect to the allegations contained in paragraph 7, Defendants admit that
28 Defendants Bobby Cheung and Eddie Wu are and were at all times relevant to this complaint

employed as officers of the San Francisco Police Department.  Defendants also admit that Officers Cheung and Wu are employed by the City and County of San Francisco.  The remaining allegations of this paragraph set forth Plaintiff's legal conclusions and opinions and Plaintiff's interpretation of the law, to which no response is required.  To the extent that a response is deemed required, Defendants lack sufficient information to either affirm or deny these allegations and for that reason they are denied.

      7B.    With respect to the allegations contained in paragraph 7B, Defendants lack sufficient information to either affirm or deny these allegations and for that reason they are denied.

      8.    With respect to the allegations contained in paragraph 8, Defendants deny each and every allegation contained therein.

      9.    With respect to the allegations contained in paragraph 9, Defendants admit that Plaintiff filed a government claim.  Defendants deny each and every other allegation contained in paragraph 9.

      10.    With respect to the allegations contained in paragraph 10, Defendants deny each and every allegation contained therein.

      11.    With respect to the allegations contained in paragraph 11, Defendants deny each and every allegation contained therein.

      12.    With respect to the allegations contained in paragraph 12, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required.  To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

      13.    With respect to the allegations contained in paragraph 13, Defendants deny each and every allegation contained therein.

      14.    With respect to the allegations contained in paragraph 14, Defendants deny each and every allegation contained therein.

      15.    With respect to the allegations contained in paragraph 15, Defendants admit that Officers Cheung and Wu were agents and employees of Defendant City and County of San Francisco and were acting in the course and scope of their employment at all times relevant to this complaint.

1  With respect to the remaining allegations contained in paragraph 15, Defendants deny each and every allegation contained therein.

16. With respect to the allegations contained in paragraph 16, Defendants deny each and every allegation contained therein.

## DAMAGES

17. With respect to the allegations contained in paragraph 17, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

18. With respect to the allegations contained in paragraph 18, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

19. With respect to the allegations contained in paragraph 19, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

20. With respect to the allegations contained in paragraph 19, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

## FEDERAL CAUSES OF ACTION
## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983)

21. With respect to the allegations contained in paragraph 21, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required.

22. With respect to the allegations contained in paragraph 22, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

23. With respect to the allegations contained in paragraph 23, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

24. With respect to the allegations contained in paragraph 24, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

**STATE CAUSE OF ACTION**

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**
**(As to all Defendants)**

25. With respect to the allegations contained in paragraph 25, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required.

26. With respect to the allegations contained in paragraph 26, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

27. With respect to the allegations contained in paragraph 27, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

28. With respect to the allegations contained in paragraph 28, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

29. With respect to the allegations contained in paragraph 29, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

30. With respect to the allegations contained in paragraph 30, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

31. With respect to the allegations contained in paragraph 31, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As to all Defendants)

32. With respect to the allegations contained in paragraph 32, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

33. With respect to the allegations contained in paragraph 33, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

34. With respect to the allegations contained in paragraph 34, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

35. With respect to the allegations contained in paragraph 35, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

36. With respect to the allegations contained in paragraph 36, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

## FALSE ARREST AND IMPRISONMENT

### (As to All Defendants)

37. With respect to the allegations contained in paragraph 37, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required.

38. With respect to the allegations contained in paragraph 38, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

39. With respect to the allegations contained in paragraph 39, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

40. With respect to the allegations contained in paragraph 40, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no

1 response is required. To the extent that a response is deemed required, Defendants deny each and
2 every allegation contained therein.

### FIFTH CAUSE OF ACTION

### ASSAULT AND BATTERY

### (As to All Defendants)

6   41.   With respect to the allegations contained in paragraph 41, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required.

9   42.   With respect to the allegations contained in paragraph 42, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

13   43.   With respect to the allegations contained in paragraph 43, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

17   44.   With respect to the allegations contained in paragraph 44, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

21   45.   With respect to the allegations contained in paragraph 45, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

25   46.   With respect to the allegations contained in paragraph 46, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

47. With respect to the allegations contained in paragraph 47, these allegations set forth Plaintiff's legal conclusions and opinions and plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants deny each and every allegation contained therein.

**PRAYER**

a-g. Paragraph a-g of the Complaint contain no factual allegations, but rather Plaintiff's request for relief, statements to which no response is required. To the extent a response is deemed required, Defendants deny each and every allegation in Paragraphs a-g.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint fails to state facts sufficient to constitute a claim against each Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 et seq., California Government Code § 945.6, and other applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any from Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Causation)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that that any act or omission on the part of Defendants or their agents, was not the legal cause of Plaintiff's alleged injuries.

## FIFTH AFFIRMATIVE DEFENSE

### (No Damage To Plaintiff)

As and for a separate, distinct affirmative defense to the Complaint, Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Comply With California Tort Claims Act)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that to the extent Plaintiff failed to comply with provisions of the California Tort Claims Act of the California Government Code (Government Code §810 et seq.), Plaintiff's Complaint is barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that Defendants and their agents were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that by reason of Plaintiff's own acts and omissions, Plaintiff is estopped from seeking any recovery from Defendants by reason of the allegations set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint and each cause of action therein are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that by reason of Plaintiff's own acts and omissions, Plaintiff has waived any right to recovery from Defendants by reason of the allegations set forth in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Common Law Immunity)

As and for a separate, distinct affirmative defense to the Complaint, Defendants Cheung and Wu allege that as members of the SFPD, they are immune from any liability therein under the common law doctrine of immunity of police officers executing statutes in good faith, which statutes are presumed valid at the time of such execution.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Constitutional Violation)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint fails to state a violation of any of the provisions of the United States Constitution cited by Plaintiff and applicable to this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Qualified/Absolute Immunity)

As and for a separate, distinct affirmative defense to the Complaint, Defendants Wu and Cheung allege that they enjoy qualified immunity, and/or absolute immunity against each and every one of Plaintiff's federal claims.

Defendants' Answer to Complaint
Tan v. CCSF, C-08-1564
11
n:\lit\li2008\081342\00491614.doc

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Discretionary Immunity)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants Wu and Cheung allege that they enjoy discretionary immunity pursuant to California Government Code §820.2 against each and every one of Plaintiff's state claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Frivolous Lawsuit)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Intent to Harm)**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants allege that at all times and places mentioned in the Complaint, Defendants acted without malice and with a good faith belief in the propriety of their conduct, and did not intend to harm or deprive Plaintiff of any rights under federal or state constitutions, or federal or state statutes.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Discharge of Duties in Good Faith)**

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, Defendants allege that at all times mentioned in the Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Privilege, Justification)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants allege that their conduct at all times material herein was privileged and/or justified under applicable law.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Supervening Events)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that any injury suffered by Plaintiff was caused by supervening events over which Defendants had no control.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in said Complaint; that said negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against these Defendants by virtue of said Complaint, Defendants pray that the recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Plaintiff's Recklessness)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligence manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claims are barred.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Fault of Others)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the fault of persons other than Defendants contributed to and proximately caused the occurrence; and that under the principles formulated in the case of *American Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), Defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that Defendants' ultimate liability be reduced to the extent of such contribution.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Statutory Immunity)**

The City and its employees are immune from all liability alleged in the complaint and each and every cause of action therein pursuant to Government Code Sections 815(b); 815.2(b); 815.4; 818.4; 818.6, 818.7; 818.8; 820(b); 820.2; 820.4; 820.6; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835.4; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; California Vehicle Code sections 16004 and 17004.7; California Penal Code sections 142, 148, 409, 834a, 834, 835, 835a, 836, 844, 845, 847, 849, 1531 and 1532; California Welfare and Institutions Code sections 5150, 5113, 5153, 5154, 5173; and Civil Code section 43.5 and related provisions of these code sections and interpretative case law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Self Defense And Defense Of Others)**

Defendants allege that if in fact any force was used against plaintiff, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged and/or justified by law, and any recovery pursuant to said use of force is barred.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Res Judicata and Claim Splitting)**

The complaint and each and every cause of action therein is barred by res judicata and the case law prohibiting a plaintiff from "splitting" claims or causes of action. *Ferraro v. Southern Cal. Gas Co.*, 102 Cal.App.3d 33, 41 (1980).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff has unnecessarily delayed in protecting the right or rights asserted and have unreasonably delayed in bringing this action, and are therefore guilty of laches and are consequently not entitled to the relief sought.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Prison Litigation Reform Act)

Defendants allege that all or some of plaintiff's claims for relief are barred by the Prison Litigation Reform Act, including but not limited to the requirement of exhaustion of administrative remedies.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Assumption Of The Risk)

Plaintiff had full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the occurrence of the incident set forth in the complaint. Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in the complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction Over Defendant)

Defendant alleges that the Court lacks personal jurisdiction over Defendants as a result of plaintiff's failure to comply with the Federal Rules of Civil Procedure and the requirements of federal due process.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff take nothing from Defendants;
2. That the Complaint against Defendants be dismissed with prejudice;
3. That Defendants recover their costs of suit herein, including attorneys' fees; and
4. For such other relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury in this action.

Dated: June 19, 2008

        DENNIS J. HERRERA
        City Attorney
        JOANNE HOEPER
        Chief Trial Deputy
        MEGHAN K. HIGGINS
        Deputy City Attorneys

By:   /s/
      MEGHAN K. HIGGINS

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
OFFICER CHEUNG, AND OFFICER WU