1 DENNIS J. HERRERA, State Bar #139669
City Attorney
2 JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
3 MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorney
4 Fox Plaza
1390 Market Street, 6th Floor
5 San Francisco, California 94102-5408
Telephone:     (415) 554-3896
6 Facsimile:     (415) 554-3837
E-Mail:        Meghan.Higgins@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
OFFICERS CHEUNG AND WU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| REMI TAN, | Case No. C 08-1564 SI |
|---|---|
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, OFFICER BOBBY C. CHEUNG (#208), OFFICER WU (#18), and DOES 1-40, | Hearing Date:  August 29, 2008<br>Time:          2:00 p.m.<br>Place:         Courtroom 10, 19th Floor<br>Judge:         Hon. Susan Illston |
| Defendants. | Trial Date:   Not Set |

Pursuant to Civil L.R. 16-9, the parties to the above captioned action, through their respective counsel of record, hereby provide the court with the following Case management Statement, and respectfully request that the court adopt it as the Case Management Order for this matter.

**DESCRIPTION OF THE CASE**

**1.     Jurisdiction and Service**

This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331.  The parties further agree that this Court has personal jurisdiction over all parties and that venue in the Northern District of California is proper.

Joint Case Management Statement                                    1                          n:\lit\li2008\081342\00502808.doc
Tan v. CCSF, C-08-1564

All named defendants have been served and have appeared.

2. **Facts**[1]

**A brief description of the events underlying the action:**

**Plaintiff's Contentions:**

On Saturday, March 24, 2007, Defendants Bobby Cheung and Eddie Wu unlawfully detained and arrested Plaintiff Remi Tan. Taken into custody while out with his family, Plaintiff was humiliated and struck repeatedly in front of his wife and two children. Plaintiff also contends that the officers used excessive force against him, causing him injuries that included a dislocated jaw, bruises, cuts, wrist damage, rib and chest pain, and emotional distress. Plaintiff also alleges that unnamed policy makers for the City and County of San Francisco inadequately hired, supervised, and trained the two named officers, and knew of the two named officers' unfitness and unreliability. Plaintiff was not convicted of any crimes in connection with the arrest.

Plaintiff denies the defendants' factual contentions set forth below.

**Defendants' Contentions:**

This is an alleged excessive force case in which plaintiff claims that on March 24, 2007 defendants Bobby Cheung and Eddie Wu unlawfully detained and arrested him. Plaintiff also contends that the officers used excessive force against him, causing him injuries that included a dislocated jaw, bruises, cuts, wrist damage, rib and chest pain, and emotional distress. Plaintiff also alleges that unnamed policy makers for the City and County of San Francisco inadequately hired, supervised, and trained the two named officers, and knew of the two named officers' unfitness and unreliability.

Defendants deny plaintiff's claims. On March 24, 2007, at approximately 3:16 p.m., San Francisco Police Officers Cheung and Wu responded to a 911 call that a man was running in and out

---

[1] The parties do not intend the description in this Joint Case Management Conference Statement of any issue as an issue of law, or fact, or both to constitute an admission as to any issue, and the statements herein shall not constitute a waiver of any of any party's claims or defenses as to any issue. The parties acknowledge that disputed issues in addition to those described below may arise in this case.

1 of traffic on Arguello and Clement Streets.  Upon their arrival, a woman identified Plaintiff as the
2 individual.  Plaintiff approached the officers and told them that a car had hit him.  The Officers asked
3 Plaintiff if he had any medical conditions, and Plaintiff responded that he did not.  Plaintiff added that
4 he had not eaten in two days, that he had taken heroin, and that he was feeling dizzy.  Officer Cheung
5 informed Plaintiff that he would call an ambulance.  He also told Plaintiff to sit on the curb.

6 When Plaintiff was seated on the curb, Officer Cheung asked Plaintiff for his identification
7 but Plaintiff refused to provide it.  Officer Wu began to pat search Plaintiff for weapons and noticed
8 that Plaintiff had a wallet in his back pocket.  Plaintiff attempted to stand up on the sidewalk, and
9 when Officer Wu attempted to obtain the wallet Plaintiff pulled his arms up to his chest and refused
10 to relinquish them.  Officers Cheung and Wu turned Plaintiff forward onto the sidewalk and
11 handcuffed him, and then turned him back onto the curb.  Officer Cheung explained that Plaintiff had
12 been handcuffed for safety reasons, and requested an ambulance.

13 After two to three minutes Plaintiff began to pull at the handcuffs.  Officers Cheung and Wu
14 turned Plaintiff to the ground again because he was attempting to get up.  Plaintiff pulled part of his
15 left hand out of the handcuff, and Officer Wu readjusted it.  Plaintiff appeared to be experiencing
16 severe mood swings during his interaction with the officers.  Officer Cheung believed that Plaintiff
17 presented a danger to himself and placed a 72-hour Welfare and Institutions Code § 5150 psychiatric
18 hold on him.  Plaintiff was transported by ambulance to San Francisco General Hospital.

19 Defendants contend that all City employees acted reasonably in response to plaintiff's actions.
20 Defendants further allege that they are entitled to qualified immunity and that there is no basis for
21 *Monell* liability.

22 **The principal factual issues that the parties will dispute:**
23 Plaintiff's Contentions:
24 - Whether Plaintiff's arrest by Defendants was lawful or warranted.
25 - Whether excessive force was used on Plaintiff.
26 - The nature and extent of Plaintiff's injuries and damages.
27
28

- Whether the San Francisco Police Department had a policy, custom, or practice of condoning unlawful arrests and the use of excessive force.

Defendants' Contentions:

- The conduct of Plaintiff prior to and during his interaction with Officers Wu and Cheung.
- What force, if any, Officers Cheung and Wu used to subdue Plaintiff.

**3.    Legal Issues**

**The principal legal issues which the parties dispute:**

(1)  Whether the defendant officers enjoy qualified immunity.

(2)  Whether Plaintiff has any legitimate claims for intentional infliction of emotional distress and false imprisonment.

(3)  Whether there is any basis for liability against the City and County of San Francisco.

(4)  Whether Officer Cheung of Officer Wu used excessive force on, assaulted, battered, intentionally inflicted emotional distress on, or falsely imprisoned plaintiff.

(5)  Whether defendants are entitled to any immunities.

**4.    Motions**

No motions are currently pending.  Defendants are evaluating the merits of filing a motion for summary judgment in this matter, and are likely to file such a motion in the future.

**5.    Amendment of Pleadings:**

The parties do not anticipate that any party will need to amend their respective pleadings.

**6.    Evidence Preservation**

Plaintiff has taken every precaution in order to preserve and to retain, all relevant evidence. All relevant, non-protected evidence will be produced.

All steps necessary to preserve relevant evidence, consistent with the City and County of San Francisco's retention policies, are being followed.

1       Defendants request that plaintiff take all necessary precautions to ensure that all potentially
2 relevant discovery (whether in electronic, hard copy, or graphic form) be preserved. Defendants
3 likewise request that plaintiff preserve all other relevant evidence related to this case.

4     **7.**     **Disclosures**

5     The parties have completed the disclosures required by FRCP 26.

6     **8.**     **Discovery**

7     No discovery has been conducted by either party at this point in the proceedings.

8     Plaintiff anticipates serving Interrogatories, Requests for Production and Requests for
9 Admissions in accordance with the limits imposed by the Federal Rules of Civil Procedure. Plaintiff
10 will also depose the individual defendants and supervisory personnel, and percipient witnesses.
11 Plaintiff anticipates the need to take approximately eight depositions.  Plaintiff anticipates a discovery
12 dispute concerning personnel and disciplinary records of the two arresting officers.  Other discovery
13 by Plaintiff is unknown at this point.

14       Defendants anticipate serving Interrogatories, Requests for Production and Requests for
15 Admissions on plaintiff in accordance with the limits imposed by the Federal Rules of Civil
16 Procedure.  Defendants also anticipate noticing the deposition of plaintiff, and of other percipient
17 witnesses.  Defendants anticipate that they will need to take approximately ten depositions.
18 Defendants may also need to conduct an independent medical examination (IME) of Plaintiff.  Other
19 discovery by defendants is unknown at this point.

20     Defendants request a stay on any discovery relating solely to the issue of municipal liability
21 under *Monell*, until after the parties have completed discovery, and the court has heard dispositive
22 motions and if necessary a trial, on the issues relating to individual liability.  There can be no *Monell*
23 liability without proof that an individual City employee inflicted constitutional harm.  *City of Los*
24 *Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Quintanilla v. City of Downey*, 84 F.3d 353, 355-56**.**  If
25 the individual defendants establish that they did not violate plaintiff's constitutional rights, plaintiff
26 will have no viable claim under *Monell*. If there is a finding that individual defendants are liable, the
27 City is obliged to indemnify them under the City Charter, and *Monell* would provide no greater

28 Joint Case Management Statement               5              n:\lit\li2008\081342\00502808.doc
Tan v. CCSF, C-08-1564

recovery. Thus, to avoid distracting, time-consuming discovery on *Monell* issues that ultimately could prove to be irrelevant and unnecessary – typically inquiries about incidents unrelated to the subject incident – defendants request that the Court first allow the parties to complete their discovery on individual liability, and hear dispositive motions as to those issues, and if necessary try the action on the basis of individual liability before conducting any discovery and trial on *Monell* issues.

Plaintiff opposes bifurcation of the *Monell* issues from the balance of the case. Such bifurcation will, in practical terms, cause a delay of the case and discovery to drag. Such bifurcation will also require many witnesses to be deposed two times. The issues of individual liability and *Monell* liability are particularly intertwined in an excessive force case where, as here, the individual officers may be liable for punitive damages; one means to show malice or oppression is to examine prior conduct of the officers to determine whether one or both are repeat offenders in the use of excessive force. Finally, for the time being, discovery of whether an officer acted in good faith at a particular time may involve the same discovery as that related to *Monell* issues in view of the qualified immunity analysis; an officer will lose the protection of a qualified immunity defense where he knows, or a reasonable officer would know, that a policy has a discriminatory impact. Plaintiff has alleged, and should be permitted discovery, that the SFPD has an official policy, practice, or custom which promotes/condones the use of excessive force.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

The parties are not aware of any related cases.

**11. Relief**

Plaintiff seeks monetary relief for medical costs, wage losses, future treatment for his jaw injury, and general damages. Plaintiff also seeks punitive damages from the individual defendants, only.

Defendants are not fully aware of the amount of damages sought by plaintiff in this case and the bases upon which such damages have been calculated. Defendants anticipate that plaintiff is seeking medical costs, wage loss damages, and emotional distress damages.

**12. Settlement and ADR**

The parties have not yet engaged in any formal settlement or ADR procedures. The parties are amenable to participation in a Court-sponsored mediation program or settlement conference, preferably with a Magistrate Judge, and have agreed to proceed before a Magistrate Judge for settlement conference.

Plaintiff submits that the matter will be ready for ADR after initial, written discovery is completed and the party and initial witness depositions have been completed.

Defendants submit that the matter will be ready for ADR after written discovery is completed and the party and witness depositions have been completed.

**13. Consent to Magistrate Judge For All Purposes**

Plaintiff consents to assignment of this action to a United States Magistrate Judge for trial.

Defendants decline to consent to the assignment of this action to a United States Magistrate Judge for trial.

**14. Other References**

No references are necessary.

**15. Narrowing of Issues**

Defendants seek to have Plaintiff narrow the issues in this matter via discovery, if possible. If these efforts are not successful, then defendants will seek to narrow the issues through appropriate motions.

As discussed above, defendants also request bifurcation of discovery and trial, postponing any *Monell* discovery until a later phase. Defendants will also request bifurcation at trial, postponing any trial of *Monell* liability until after the resolution of the issues of individual defendant liability.

Defendants will also request bifurcation of issues related to punitive damages at trial.

At this time, Plaintiff does not anticipate a narrowing of the issues before trial but remains open to the possibility. Plaintiff opposes bifurcation of any issues or claims and requests the Court set a briefing shcedule on these issues before ruling.

**16.  Expedited Schedule**

This case does not appear to be ripe for an expedited schedule.

**17.  Scheduling**

**Proposed Schedule**

| Event | Proposed Deadline |
| --- | --- |
| Completion of non-expert discovery | January 30, 2009 |
| Expert Disclosure Deadline | March 6, 2009 |
| Rebuttal Expert Disclosure Deadline | March 27, 2009 |
| Completion of Expert Discovery | May 4, 2009 |
| Last Day to Hear Dispositive motions | June 1, 2009 |
| File Pre-Trial Conference Statements | June 29, 2009 |
| Pre-Trial Conference (subject to Court's availability) | July 13, 2009 |
| Trial Date (subject to Court's availability) | August 10, 2009 |

**18.  Trial**

This case will be tried before a jury. Plaintiff believes this trial will last between five (5) and seven (7) court days. Defendants anticipate that the trial will last approximately five (5) to ten (10) court days.

**19.  Disclosure of Non-Party Interested Entities or Persons**

The parties have no such interest to report.

///

///

///

Joint Case Management Statement  
Tan v. CCSF, C-08-1564

8

n:\lit\li2008\081342\00502808.doc

**20.   Other Matters**

None at this point.

Dated:  August 15, 2008

                DENNIS J. HERRERA
                City Attorney
                JOANNE HOEPER
                Chief Trial Deputy
                MEGHAN K. HIGGINS
                Deputy City Attorneys


By:   /s/
       MEGHAN K. HIGGINS

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
OFFICER WU

Dated:  August 15, 2008

By:   /s/
       RUSSELL A. ROBINSON

Attorney for Plaintiff
REMI TAN

**[PROPOSED] CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____      _____
                            HON. SUSAN ILLSTON
                            UNITED STATES DISTRICT JUDGE