UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| REMI TAN,<br><br>              Plaintiff,<br>   v.<br><br>CITY & COUNTY OF SAN FRANCISCO, *et al.*,<br><br>              Defendants.<br>_____/ | No. C 08-01564 MEJ<br><br>**ORDER RE DEFENDANTS' MOTION TO EXCLUDE *MONELL* CLAIM OR ALTERNATIVELY TO BIFURCATE TRIAL (DKT. #62)**<br><br>**ORDER RE MOTIONS IN LIMINE (Dkt. ##66, 68)** |

Pending before the Court are: (1) Defendants City and County of San Francisco, Sergeant Bobby C. Cheung, and Officer Eddie Wu's (collectively, "Defendants") Motions in Limine Nos. 1-5 (Dkt. #66); (2) Defendants' Motion to Exclude or Bifurcate Plaintiff's *Monell* claim (Dkt. #62); and (3) Plaintiff Remi Tan's ("Plaintiff") Motions in Limine 1-9 (Dkt. #68). Plaintiff has filed an Opposition to Defendants' Motions in Limine, (Dkt. #69), and Defendants have filed an Opposition to Plaintiff's Motions in Limine (Dkt. #71). On February 4, 2010, the Court held a pretrial conference in this matter. After consideration of the parties' papers, relevant legal authority, oral argument, and good cause appearing, the Court now **ORDERS** as follows.

**A. Defendants' Motion to Bifurcate Trial (Dkt. #62)**

Pursuant to Federal Rule of Civil Procedure 42(b), Defendants request that the Court exclude or, in the alternative, bifurcate Plaintiff's *Monell* claim against the City and County of San Francisco. (Def.'s Mot. 2:4-6.) Plaintiff did not file any opposition to Defendants' motion and at

the February 4, 2010 hearing, he stated that he did not oppose the motion to bifurcate. Accordingly, the Court **GRANTS** Defendants' request to bifurcate Plaintiffs' *Monell* claim. If necessary, the Court shall try such claims after disposition of Plaintiffs' claims against the individual defendant officers.

**B.     Defendants' Motions in Limine (Dkt. #66)**

1.     Motion in Limine No. 1

Defendants request that the Court exclude evidence, documents, and witnesses not disclosed in discovery. (Def.'s Mot. 2:1.) This request is predicated on Plaintiff's indication that he intends to introduce evidence of prior complaints against the two officers that he obtained informally. *Id.* at 2:2-4. Defendants argue that they have not seen these unidentified complaints, and that Plaintiff did not identify them in discovery responses, initial disclosures, or his exhibit list. *Id.* at 2:6-9. Defendants argue that Plaintiff's failure was neither justified nor harmless because they objected on privilege and privacy grounds to Plaintiff's document request seeking personnel files, and Plaintiff failed to seek a court order compelling their production. *Id.* at 2:17-22. Defendants further argue that Plaintiff attempted to question the individual Defendants at their depositions about any prior complaints made against them, but they were instructed not to answer, and Plaintiff again failed to seek a court order compelling their responses. *Id.* at 2:22-24. Defendants argue that Plaintiff's own failure to participate in the discovery process does not entitle him to ambush them with unidentified evidence at trial. *Id.* at 2:25-3:1.

In response, Plaintiff argues that he was either "forced to engage in a futile a [sic] discovery meet-and-confer process that characterizes so many cases against the San Francisco Police Department or to take another approach." (Pl.'s Opp'n 2:13-13.) Plaintiff explains that he opted to begin informal discovery from third party sources after the close of discovery, but he does not provide any specifics regarding this information. *Id.* at 2:15-17. At the pretrial conference, Plaintiff's counsel stated that he would only use the disputed information for purposes of impeachment.

Having considered the parties' arguments, the Court finds that Defendants have failed to

show that Plaintiff is barred from using evidence obtained outside of discovery. As Plaintiff states that he obtained the information after the close of discovery, (Pl.'s Opp'n 2:16-18), and he has disclosed his intention to use it, (Defs.' Mot. 3:8-11), the Court finds that it cannot be excluded outright. However, as discussed below, Plaintiff may only use this evidence for purposes of impeachment, to be determined by the Court on a case-by-case basis. Accordingly, Defendants' Motion in Limine No. 1 is **DENIED**.

2. <u>Motion in Limine No. 2</u>

In their Motion in Limine No. 2, Defendants request that the Court exclude evidence and argument related to complaints, investigations, or allegations of misconduct against Sergeant Cheung and Officer Wu in other unrelated incidents. (Def.'s Mot. 3:5-7.) This request follows Plaintiff's indication the he intends to introduce this evidence to support his *Monell* claim. *Id.* at 3:8-10. Defendants argue that evidence of allegations of past misconduct against the Defendant officers is inadmissible character evidence under Federal Rule of Evidence ("FRE") 404(b). *Id.* at 3:17-23. Defendants further argue that evidence of past lawsuits and complaints of misconduct is inadmissible under FRE 403 because its probative value is outweighed by the prejudice it will cause.

In response, Plaintiff states that he will only introduce similar incidents involving false arrest or excessive force "to impeach these two officers, to demonstrate malice or oppression," and in cross-examination of defense expert Don Cameron. (Pl's Opp'n 3:1-7, Dkt. #69.) At the hearing, Plaintiff agreed to only use such evidence solely for purposes of impeachment.

FRE 404(b) provides that evidence of prior acts is not admissible to show conduct in conformity with those acts. "Character evidence is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). FRE 403 provides that relevant evidence may be excluded if the danger of unfair prejudice substantially outweighs any probative value. "Permitting the jury to consider the complaints and accounts of misconduct contained in the personnel files of [the defendant officers] present[s] a grave danger of unfair prejudice." *Carter v. District of Columbia*, 795 F.2d 116, 131 (D.C. Cir. 1986). The unfair prejudice results from the likelihood that the jury "would conclude that the evidence established the bad character of the defendants and that

the defendants were likely to have acted in the same way on the night in question." *Id.*

Accordingly, aving considered the parties' arguments, the Court **GRANTS** Defendants' Motion in Limine No. 2 to exclude evidence and argument related to complaints (including those made to the Office of Citizens' Complaints), investigations or allegations of misconduct against Sergeant Cheung and Officer Wu, except if used solely for purposes of impeachment.

3. Motion in Limine No. 3

Defendants move to exclude certain testimony by Plaintiff's witness, Tina Tsang. (Def.'s Mot. 5:19). Ms. Tsang was a percipient witness, and Defendants believe that Plaintiff will attempt to elicit an opinion from Ms. Tsang as to whether officers used excessive force against him. *Id.* at 5:21-22.

In response, Plaintiff argues that Ms. Tsang is entitled to testify that Plaintiff was not resisting and that it appeared to her that the two officers caused the situation to escalate by overreacting. (Pl.'s Opp'n 3:8-9, Dkt. #69). Plaintiff opines that Ms. Tsang should be able to tell the jury "that she thought the officers were doing a lot more to Remi Tan than he was doing in return; that is, the officers were using force when the arrestee was not." *Id.* at 3:17-18. During the meet and confer process, Plaintiff apparently agreed not to elicit testimony from Ms. Tsang about whether the officers used excessive or unreasonable force, but contended that Ms. Tsang could properly testify about whether the force was greater than necessary.

The Court has considered the parties' arguments and finds that Ms. Tsang's proposed testimony regarding excessive force constitutes expert witness testimony governed by FRE 702. Accordingly, the Court **GRANTS** Defendants' Motion as follows: Ms. Tsang may not testify as to whether force used by Defendants was excessive, unreasonable, or greater than necessary. She may only discuss what she saw and the situation as she perceived it.

4. Motion in Limine No. 4

Defendants move to exclude testimony by Dr. Growney, Plaintiff's treating dentist, regarding issues on which, when questioned in his deposition, Dr. Growney stated that he had no opinion. (Def.'s Mot. 6:1-2). Specifically, Defendants argue that Dr. Growney should be prevented "from

4

1 offering any opinion at trial that Plaintiff suffered a dislocation of his jaw joint or disk as a result of
2 this incident because he failed to do so at his deposition." (Def.'s Mot. 6:8-10). Plaintiff does not
3 oppose the motion. (Pl.'s Opp'n 3:19, Dkt. #69).

"Expert witnesses are precluded from testifying at trial as to their opinions on subject matters upon which they did not state opinions . . . at the time their depositions were taken." *In re Melridge, Inc. Sec. Litig.*, 1993 U.S. Dist. LEXIS 1144, at *3-4 (D. Or. 1993). Accordingly, the Court **GRANTS** Defendants' Motion to exclude any testimony by Dr. Growney regarding issues upon which he expressed no opinion at his deposition.

5. Motion in Limine No. 5

Lastly, Defendants move to exclude Plaintiff's own OCC complaint (Pl.'s Ex. 8, Dkt. #67) and his government claim against the City and County of San Francisco (Pl.'s Ex. 9, Dkt. #67). (Def.'s Mot. 6:10-11). Defendants argue that both of these documents are hearsay not subject to any exception. *Id.* at 6:14-15.

In response, Plaintiff cryptically argues that these documents are admissible as a "contemporaneous writing," and are relevant to Plaintiff's *Monell* claim. (Pl.'s Opp'n 3:25-4:2, Dkt. #69). However, the Court is unaware of any such exception to the hearsay rule, and Plaintiff does not provide any support for his assertions. Accordingly, the Court **GRANTS** Defendants' Motion to exclude Plaintiff's Exhibits 8 and 9 as inadmissible hearsay.

**B.     Plaintiffs' Motions in Limine (Dkt. #68)**

1. Motion in Limine No.1

Plaintiff moves to exclude all opinions by defense experts which were not in their reports. (Pl.'s Mot. 2:6-7). Plaintiff argues that allowing the defense experts to give new or different opinions at trial would cause unfair surprise and prejudice and would frustrate the purpose of Rule 26(e)(2), which requires that an expert must supplement his or her report by the time the party for whom they are testifying is required to submit its pretrial disclosures. *Id.* at 5:15-23.

Defendant responds that Plaintiff's motion is a generic statement of the law which makes no reference to any specific proposed testimony. (Def.'s Opp'n 2:1-4). Defendant argues that it does

not intend to question its experts as to any opinions not contained in their reports, but submits that each expert should be entitled to elaborate on the opinions contained in their reports and not be confined only to the literal words contained therein. *Id.* at 2:5-8.

Having considered the parties' arguments, the Court **GRANTS** Plaintiff's Motion to exclude opinions by defense experts not contained in their reports; however, defense experts may elaborate on those reports while testifying and are not limited to the words contained in their reports.

2. <u>Motion in Limine No. 2</u>

Plaintiff next moves to exclude certain opinions of Defendants' police practices expert, Don Cameron. (Pl.'s Mot. 3:1-2.) Plaintiff argues that the following opinions expressed in Mr. Cameron's report are inadmissible: (1) a peace officer may use reasonable force to effect an arrest; (2) an officer's use of force is judged under the objectively reasonable standard; (3) officers are not required to use the least intrusive degree of force possible; (4) whether officers hypothetically could have used less painful, less injurious, or more effective force in executing an arrest is simply not an issue; (5) opinions as to the causation of Plaintiff's claimed injuries; and (6) opinions as to the adequacy of the training provided by the San Francisco Police Department ("SFPD") . *Id.* at 3:4-7, 4:1-3. The Court shall consider each opinion in turn.

*a. Opinions 1-4*

As to opinions 1-4, Plaintiff argues that these opinions are legal conclusions and cannot be given by an expert witness. (Pl.'s Mot. 3:1-4:5.) In response, Defendants agree that Mr. Cameron should not be permitted to state his opinions on what the law is or the ultimate issues in the case, but they do intend to question Mr. Cameron about how officers are trained and whether the force used by the officers, as described by them, fits within the generally accepted methods and rationale for using force by police officers. (Def.'s Opp'n 2:16-19, Dkt. #71.)

Having considered the parties' arguments, the Court **GRANTS** Plaintiff's Motion as to opinions 1-3. These call for legal conclusions and "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (internal quotations and citation omitted).

Accordingly, Mr. Cameron may not offer his opinion on these issues. However, the Court **DENIES** Plaintiff's Motion as to opinion 4 as it calls for an opinion, not a legal conclusion. Mr. Cameron may offer his opinion as to whether the force used by the officers fits within the generally accepted methods and rationale for using force by police officers.

        *b.     Opinion 5*

As to opinion 5, Plaintiff argues that because Mr. Cameron is not a physician, he is not qualified to give an opinion as to the causation of Plaintiff's injuries. (Pl.'s Mot. 4:1-3.) In response, Defendants argue that Mr. Cameron is in a better position than a physician to offer such an opinion because he has specialized knowledge regarding injuries caused from appropriate uses of force, based on his training and experience. (Def.'s Mot. 2:24-3:3, Dkt. #71.) Defendants further argue that, as a police instructor for 39 years on how to use appropriate force, Mr. Cameron has personally received hundreds of injuries and witnessed officers causing thousands of injuries from appropriately-applied use of force techniques. *Id.* at 3:4-6. Defendants further argue that because Mr. Cameron has actually witnessed the injuries that arise from appropriate uses of force, he is qualified to offer an opinion as to the causation of Plaintiff's injuries. *Id.* at 3:6-8.

FRE 702 provides that an expert witness may offer an opinion as to his or her specialized knowledge based on experience or training where that knowledge will assist the trier of fact in understanding the evidence. The Court finds that Mr. Cameron's experience as a police instructor on the use of force qualifies him to offer his opinion as to whether Plaintiff's injuries were consistent with an appropriate use of force. Accordingly, the Court **DENIES** Plaintiff's Motion as to opinion 5.

        *c.     Opinion 6*

Plaintiff moves to exclude Mr. Cameron's testimony as to the adequacy of the training provided by the San Francisco Police Department ("SFPD"). (Pl.'s Mot. 4:3.) However, as discussed above, Mr. Cameron's specialized knowledge based on his experience and training qualifies him to testify regarding his opinion on the adequacy of the training provided by the SFPD, and any such opinion may be offered by Defendants in the *Monell* phase of the trial. Accordingly,

the Court **DENIES** Plaintiff's motion as to opinion 6.

3.     Motion in Limine No. 3

In his third Motion in Limine, Plaintiff moves to exclude Defense Exhibit 1, (Dkt. #64), the Department of Emergency Management ("DEM") 911 Audio Recording. (Pl.'s Mot. 4:7-8.) Plaintiff argues that the tape is hearsay, that it is irrelevant because it does not identify Plaintiff as the subject of the 911 call, and that it would consume undue time. *Id.* at 4:8-11. However, as the Court stated at the February 4, 2010 pretrial conference, the 911 recording is admissible under both the excited utterance (FRE 803(2)) and present sense impression (FRE 803(1)) exceptions to the hearsay rule. The Court thus **DENIES** Plaintiff's motion to exclude Defense Exhibit 1.

4.     Motion in Limine No. 4

Plaintiff next conditionally moves to exclude Defense Exhibit 2, (Dkt. #64), the DEM's Computer Assisted Dispatch Audio Recording, which records communications between the officers and dispatch during the incident. (Pl.'s Mot. 4:15; Def.'s Opp'n 5:27-6:1, Dkt. #71.) In his motion to exclude, Plaintiff states that he will withdraw his objection to this evidence if Defendants produced the transcript. In response, Defendants state that as soon as the transcript is available to them, it will be produced to Plaintiff. (Def.'s Opp'n 6:2-3, Dkt. #71.) Accordingly, the Court **RULES** as follows: If Defendants fail to provide the transcript to Plaintiff by March 2, 2010, Plaintiff's motion to exclude the audio recording is **GRANTED**. If Defendants provide the transcript by March 2, Plaintiff's objection is **DENIED**.

5.     Motion in Limine No. 5

Plaintiff next moves to exclude medical records from Dr. Paul Carlat, whom Plaintiff saw once in 2001. (Pl.'s Mot. 4:20-21.) Plaintiff argues that the records are hearsay and too remote in time. *Id.* at 4:21-22. Plaintiff acknowledges that he has stipulated to the authenticity of these records, but argues that because Dr. Carlat will not testify as a witness, the records are inadmissible as certain foundational aspects would be missing, such as the circumstances under which Plaintiff visited the doctor and any assessment of Plaintiff's mental state. *Id.* at 4:23-25. Finally, Plaintiff argues that the records are inadmissible under FRE 403. *Id.* at 4:26.

In response, Defendants argue that Plaintiff's statements to Dr. Carlat are relevant to Plaintiff's damages claims because he seeks damages for psychological injury and emotional distress. Specifically, because Plaintiff's statements regard a road-rage incident, Defendants argue that the records are relevant to show that Plaintiff's psychological injuries and depression preexisted the incident with the SFPD. (Def.'s Mot. 7:8-11, Dkt. #71.) Defendants further argue that Plaintiff's statements to Dr. Carlat are relevant to show his mental state at the time of the incident because they describe his reactions to road rage situations. *Id.* at 7:13-22. Additionally, Defendants argue that the records will be used for impeachment because Plaintiff made statements to the doctors at San Francisco General Hospital that he did not have a history of psychiatric problems, yet he described feelings of depression and suicidal ideation in his visit with Dr. Carlat. *Id.* at 7:4-6, 23-24.

At the hearing, the undersigned informed the parties of her intention to admit the medical records as exceptions to the hearsay rule under the business records (FRE 803(6)) and state of mind (FRE 803(3)) exceptions, and that the records would admissible if used for impeachment. The undersigned has reviewed Dr. Carlat's records and determined that the probative value to the trier of fact outweighs any prejudicial effect there might be to Plaintiff under FRE 403. However, information in the records such as Plaintiff's home address, social security number, and insurance information are not admissible. Accordingly, the Court **DENIES** Plaintiff's Motion to exclude Dr. Carlat's records. Defendants are **ORDERED** to submit a redacted version to the Court for use at trial by March 4, 2010 at 3:00 p.m.

6. <u>Motion in Limine No. 6</u>

In his sixth motion in limine, Plaintiff moves to exclude interviews with third party witnesses not produced to Plaintiff. (Pl.'s Mot. 5:1-6.) Defendants respond that they do not intend to use these documents at trial and thus do not oppose this motion. (Def.'s Opp'n 8:4, Dkt. #71.) Accordingly, the Court **GRANTS** Plaintiffs' Motion.

7. <u>Motion in Limine No. 7</u>

Next, Plaintiff moves to exclude any personnel records and educational history of the

9

1 defendant officers not revealed at their depositions. (Pl.'s Mot. 5:20-24.) Plaintiff states that he
2 asked Sergeant Cheung and Officer Wu questions about their background and education, but they
3 both refused to answer on instruction from counsel. *Id.* at 5:22-24; fn 6. Plaintiff argues that
4 "[t]hese things and pieces of information should also be excluded as not relevant and [based on] the
5 [potential for] surprise at trial. . . ." *Id.* at 6:4-5.

6 In response, Defendants agree that the evidence is irrelevant. Accordingly, the Court
7 **GRANTS** Plaintiff's Motion to exclude any personnel records and educational history of Sergeant
8 Cheung and Officer Wu not revealed at their depositions.

9     8. <u>Motion in Limine No. 8</u>

10 In his Motion in Limine No. 8, Plaintiff moves to exclude evidence regarding his alleged
11 involvement in incidents with other motorists, arguing that these incidents are irrelevant,
12 inadmissible under FRE 403, and, if testified to by other witnesses, "lack foundation and [would] be
13 hearsay. . . ." (Pl.'s Mot. 6:7-10.) Plaintiff offers no other legal authority in support of his
14 argument. In response, Defendants argue that such evidence demonstrates Plaintiff's obsession with
15 reckless driving.

16 Combining Plaintiff's motion and Defendants' opposition, the Court is able to discern the
17 following evidence at issue: (1) a 2008 motor vehicle collision involving Plaintiff; (2) prior police
18 reports in which Plaintiff has reported reckless driving; (3) Plaintiff's testimony about an incident
19 prior to March 2007 where he was sued for kicking the vehicle of another driver; (4) Plaintiff's
20 statements to Dr. Paul Carlat about his road rage incident; (5) and Plaintiff's wife's testimony that
21 Plaintiff reports reckless drivers to law enforcement five or six times per week.

22 As discussed above, the Court finds that Dr. Carlat's report is admissible. As to the
23 remaining evidence, having considered the parties' arguments, the Court **RULES** as follows: The
24 Court declines at this time to exclude evidence of Plaintiff's involvement in incidents with other
25 motorists, including accidents, road rage reports regarding other motorists, and Plaintiff's wife's
26 testimony regarding his reports. However, the Court reserves the right to exclude such evidence and
27 testimony during trial, and will only allow the evidence or testimony when offered for a proper
28

purpose. Accordingly, the **DENIES WITHOUT PREJUDICE** Plaintiff's Motion in Limine No. 8.

///

### 9. Motion in Limine No. 9

Finally, Plaintiffs move to exclude all testimony of Defendants' proposed witness, Todd Brenneck. (Pl's Mot. 6:18-19.) Defendants do not oppose this motion. (Def.'s Opp'n 10:19-20, Dkt. #71.) Accordingly, the Court **GRANTS** Plaintiff's Motion in Limine No. 9.

**IT IS SO ORDERED.**

Dated: February 26, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge